STATE EX REL. P. K. DOCK v. COUNTY OF DODGE
AND OTHERS.
JAMES DE VAUL, APPELLANT.[1]

January 20, 1922.

No. 22,620.

**Statute regulates tile connection with public ditch.**

1. Section 5552-B as amended by chapter 471, Laws 1919, was intended simply to provide a method by which two or more persons, owning land contiguous to or near to a public ditch or drain, may secure a tile connection with such ditch or drain.

**County ditch—wrong procedure followed.**

2. This proceeding is not such as is contemplated by section 5552-B. It is in reality a county ditch proceeding and should have been instituted under the general provisions of section 5525.

Upon the relation of P. K. Dock and others the district court for Dodge county granted its writ of certiorari to review the legality of an order of the board of county commissioners of that county establishing public tile ditch drainage system No. 2. The matter was heard by Childress, J., who annulled the order of the county board. From the order annulling the order of the county commissioners, James De Vaul, one of the petitioners, appealed. Affirmed.

*Allan P. Norton,* for appellant.

*Bennett O. Knudson* and *William P. Sturtz,* for respondents.

[1]Reported in 187 N. W. 410.

HALLAM, J.

The state drainage law provides for the construction of county ditches, G. S. 1913, § 5523, et seq. and includes in the designation of "ditch" any "open, covered or tiled ditch." Section 5525 originally provided for the institution of a county ditch proceeding by "petition signed by one or more of the landowners whose land will be liable to be affected by or assessed for the * * * construction of the same."

In 1917 the legislature amended substantially the drainage laws affecting county ditches. Chapter 441, p. 692, Laws 1917. By section 4 of that act, section 5525 was amended by providing that 25 per cent of the owners of land described in the petition, but in no case more than eight, are required to sign the petition.

Section 15 of the 1917 act contained a new provision numbered 5552-B. It provided that "one or more parties owning land adjoining * * * or in the vicinity of any body of water forming a part of or connected with any such ditch or drain and having right of way connecting his or their land therewith," may "petition the county board of the county wherein said land is located for the establishment of a tile drainage system draining his or their land and connecting the same with said ditch or drain or body of water." In 1919 this section was amended (chapter 471, p. 617, § 9), and as amended it now provides that "whenever two or more parties owning land * * * in the vicinity of any public ditch, drain or natural outlet * * * shall petition the county board of the county wherein said land is located for the establishment of a tile drainage system draining the land described in such petition and connecting the same with said ditch, drain, or outlet, * * * and shall in said petition describe the land, if any, that it may be necessary to cross to connect the land of petitioner with said ditch, drain, outlet or body of water giving a description in general terms of the tile drainage system petitioned for," the county board may, upon proper procedure, provide for such system of tile drainage.

1. In the proceeding before us there were but two petitioners. They claim to have proceeded under section 5552-B. If they have

brought themselves within the provisions of this section, this proceeding is valid. It is not claimed that the petition is sufficient under section 5525. It becomes necessary therefore to determine what manner of proceeding is authorized by section 5552-B.

Section 5525 is part of the general act providing for the construction of county ditches. Its provisions are ample for the construction of tile drainage systems. It is fair to assume that, in the enactment of section 5552-B, the legislature had in mind some purpose other, or at least more restricted, than that already so amply provided for by the general provisions of the drainage law, and we think they made that purpose manifest. The language of this section is not well chosen, but we think it appears with reasonable clearness that it was intended simply to provide a method by which two or more persons, owning land contiguous to or near to a public ditch or drain, may secure a tile connection for the better drainage of their land and may cross the land of another for that purpose. This purpose was more clear from the language of the act of 1917 than from that of the act of 1919, but there is language in the 1919 act to the same effect, particularly the part which required the petition to describe the land, if any, that it may be necessary to cross to connect the land of the petitioner with the ditch or drain.

2. We agree with the trial court that this is not such a proceeding as section 5552-B contemplates. In no place does it describe the land of petitioner. In no place does it show that the purpose of the proceeding is to connect petitioner's land by means of a tile drain with the original ditch. Nor does it describe any land between their land and the ditch through which the tile drain must pass nor show whether there is any such land. It provides in general for a drainage system four miles long and covering the land of 22 landowners. In other words, it is, as the trial court held, in reality a county ditch proceeding and should have been instituted under the general provisions of section 5525.

Order affirmed.